RECEIVED
JUN 06 2018
AT 8:30
WILLIAM T. WALSH M
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PHASE 3 MEDIA, LLC,

    *Plaintiff,*

v.

KYLE W. DRAKE,

    *Defendant.*

Civil Action No:
18-cv-3387 (PGS)(LHG)

**MEMORANDUM
AND
ORDER**

Presently before the Court is Defendant Kyle Drake's Motion to Vacate Default Judgment that was entered against him on April 9, 2018, pursuant Federal Rules of Civil Procedure 55(c) and 60(b), and to file an answer or responsive pleading. (ECF No. 8). For the reasons set forth herein, Defendant's motion is granted.

### BACKGROUND

The matter stems from allegations of wrongful misappropriation and theft of trade secrets by Defendant against his former employer, Plaintiff Phase 3 Media, LLC (hereinafter, "Phase 3"). According to the Complaint, Phase 3 is a digital marketing and public relations agency that makes promotional products for customers. (Complaint at ¶ 7). A critical aspect of Phase 3's business is the use of "Quick Base" software, which "is a web-based rapid application development software." (*Id.* at ¶ 9). Defendant, who had worked for Phase 3 for over ten years, was the company's Quick Base account manager. (*Id.* at ¶¶ 6, 11). This being said, on December 28, 2017, Defendant left Phase 3 to join Diversified Global Graphics Group (hereinafter, "DG3"), another business marketing and communications company. (*Id.* at ¶ 6). Before leaving Phase 3, however, Defendant allegedly emailed himself Phase 3's Quick Base account, using his DG3 email address. (*Id.* at ¶

1

23). As such, on March 9, 2018 Phase 3 initiated the present matter, asserting claims of: (1) misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) breach of the duty of loyalty; and (3) conversion. The following month, April 9, 2018, default was entered against Defendant.

In his affidavit in support of vacating default judgment, Defendant provides an explanation for his failure to respond to Phase 3's Complaint. (ECF No. 8-1, "Drake Affidavit"). Apparently, after being served with the Complaint, DG3 agreed to represent him and attempted to settle this matter with Phase 3. (*Id.* at ¶ 11). "Counsel for DG3 and [Phase 3] engaged in substantive settlement negotiations up to March 30, 2018," leading Defendant to believe that "the matter would be resolved, the lawsuit dismissed, and [he] would not need to retain counsel." (*Id.* at ¶¶ 12-13). However, on March 30, 2018, Defendant was informed that settlement discussions were not successful, that DG3 would not be representing him in the lawsuit, and that he had less than a week to retain counsel to answer the complaint. (*Id.* at ¶¶ 14-16). According to Defendant, Phase 3 never informed him that he was in default or that it intended to seek default judgment against him. (*Id.* at ¶ 19). On April 25, 2018, Defendant filed the present motion to vacate default judgment and to assert an answer to Phase 3's Complaint. (ECF No. 8-2).

## LEGAL STANDARD AND ANALYSIS

The decision to set aside an entry of default under Federal Rule of Civil Procedure 60(b) is left to the sound discretion of the district court. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). In deciding whether to set aside a default, courts must consider the following factors: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v.*

2

*Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). However, "in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). The Court addresses each factor below.

*1. Prejudice to the Plaintiff*

Prejudice is found where a plaintiff's ability to pursue his or her cause of action is hindered by the "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). Delay in adjudicating the claim, however, "rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding." *Id.* Here, Plaintiff points to no identifiable prejudice. In conclusory fashion, Plaintiff asserts that lifting the default judgment would result in delays in discovery and create a risk of potential loss of evidence. However, there has been no actual allegation that evidence has been lost or that Defendant poses such a risk. In fact, in his affidavit, Defendant certifies that he "authorized [his] current counsel to turn over the hard drive to a forensic computer specialist of plaintiff's counsel's choosing so it can be copied an analyzed." (ECF No. 10-1 at ¶ 9). As such, the risk of losing evidence seems to be lacking and, therefore, the Court weighs this factor in favor of vacating the entry of default.

*2. Meritorious Defense*

Under factor two, the Court must consider whether Defendant has presented a meritorious defense; that is, "when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Defendant need not prove

that he will ultimately prevail at trial, but he must demonstrate that he has a facially meritorious defense, not one based on mere denials and conclusory language. *Id.*

Here, Defendant has presented facially meritorious defenses. First, he contends that he was an at-will employee and, therefore, did not have an employment contract with Phase 3. Moreover, he argues that he was not subject to any restrictive covenants, non-compete or confidentiality agreements. (Drake Affidavit at ¶¶ 2-5). Second, he contends that any information or material that he has used with his new employer was not confidential or otherwise in breach of his duty of loyalty. As such, the Court is satisfied that Defendant has presented a meritorious defense to the underlying Complaint.

*3. Culpability*

Finally, the Court must consider whether the default was due to Defendant's culpable conduct. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. In the Third Circuit, "culpable conduct" requires a finding of "willfulness" or "bad faith" on the part of the non-responding defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). "Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." *Id.* at 1183. However, failure to file an answer to a complaint, though inexcusable, does not constitute "flagrant bad faith." *Emcasco*, 834 F.2d at 75 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Here, Defendant contends he was under the impression that the parties would be able to settle the matter and, as such, an answer would not be necessary. However, when the parties were unable to reach an agreement, it was only then that Defendant learned that DG3 would not continue represent him in the litigation and that he would need to retain his own counsel. Although it remained Defendant's responsibility to timely respond, there has been no showing of bad faith or

intentional noncompliance. In fact, less than three weeks after the entry of default, Defendant filed the present motion and proposed answer to Plaintiff's Complaint. As such, the Court finds the third factor in Defendant's favor.

In sum, the Court finds that (1) Phase 3 will not be prejudiced if the default is vacated; (2) Defendant has presented facially meritorious defenses; and (3) Defendant's failure to answer the complaint was not made in bad faith. Therefore, Defendant's motion to vacate default judgment is granted.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this __6__ day of __June__, 2018,

ORDERED that Defendant's Motion to Vacate Default and File an Answer or Responsive Pleading (ECF No. 8) is GRANTED; and it is further

ORDERED that an Answer or Responsive Pleading must be filed by June 27, 2018.

_Peter M Sheridan_
PETER G. SHERIDAN, U.S.D.J.